UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON WHETTEN,

Plaintiff,

v.

BULLARD CONSTRUCTION, INC.,

Defendant.

No. 1:26-cv-06961-EPG

SCREENING ORDER

ORDER FOR PLAINTIFF TO:

(1) FILE A FIRST AMENDED COMPLAINT; OR

(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT

(ECF No. 1)

THIRTY-DAY DEADLINE

Plaintiff Brandon Whetten is proceeding *pro se* and *in forma pauperis*. Plaintiff filed the complaint commencing this action on August 31, 2026, alleging claims for religious discrimination and retaliation against Defendant Bullard Construction, Inc. under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (ECF No. 1).

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff now has options as to how to move forward. Plaintiff may file a first amended complaint if he believes that additional facts would state cognizable claims. If Plaintiff files a first amended complaint, the Court will screen that first amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court that he wants to stand on his complaint, in which case the Court will issue findings and recommendations to a district judge

consistent with this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

**I. SCREENING REQUIREMENT**

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II. SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff's complaint asserts claims for religious discrimination and retaliation in violation of Title VII against Defendant arising from his employment with Defendant and subsequent termination. (ECF No. 1). Specifically, Plaintiff alleges Defendant hired him in 2024 as a Project Superintendent and assigned him to work at the Madera County Superior Court. (*Id.* at 3). He asserts that he worked largely independently at the jobsite, as his supervisor, Kell, was based in Sacramento and present at the jobsite approximately once every two weeks. (*Id.*). Plaintiff contends that although Kell was his supervisor, his "actual role in practice more closely resembled that of a secretary" as he "lacked the knowledge and experience necessary to independently evaluate Plaintiff's work" and instead, Kell's "ordinary practice was to send documentation to Plaintiff for his review and approval." (*Id.*).

Plaintiff claims that Kell "was the only individual associated with Defendant who had regular direct contact with Plaintiff following his hire, and was therefore the only person in a position to have observed that Plaintiff no longer identified with the Mormon faith in which he was raised." (*Id.* at 3-4). Plaintiff alleges that Defendant employed a senior superintendent to independently review his work, and this senior superintendent "separately warned [him] to be cautious of Kell and Defendant's owner, Matt, after Kell had come to realize that Plaintiff was no longer religious, citing the closeness of Kell and Matt's own shared religious practice[.]" (*Id.* at 4).

Plaintiff asserts that in February 2025, the Honorable D. Lynn Collet, a judge at the Madera County Superior Court who Plaintiff had a personal family court matter pending before,

"took notice that Plaintiff was working at the courthouse." (*Id.*). He contends that in April 2025, the judge questioned his attorney "regarding the nature and duration of [his] work at the courthouse, notwithstanding that this inquiry was unrelated to the matter before the court, and thereafter ruled against him in the matter. (*Id.*).

At some point prior to his termination, Plaintiff alleges the fire marshal assigned to inspect the jobsite contacted him and informed him that the Madera County Superior Court's Judicial Council was reviewing security footage of Plaintiff to identify grounds for his termination. (*Id.* at 5). Plaintiff asserts that when Kell subsequently arrived at the jobsite "and learned that Plaintiff had already spoken with the fire marshal, Kell responded only, 'oh okay, well you already know,' confirming to Plaintiff that his termination had already been decided." (*Id.*). Plaintiff contends that he was never given a clear or specific reason for his termination, while also asserting that the "stated reference to tardiness for a fire marshal meeting was pretextual" and that his "termination was in fact motivated by Defendant's discovery that [he] no longer identified with the Mormon faith in which he was raised." (*Id.*). Plaintiff also claims that Judge Collet and Judge Brian Enos, "the judge presiding over a subsequent criminal matter against Plaintiff in the Madera County Superior Court," are "closely associated," and that the Madera County Superior Court "was involved in bringing about both [his] termination and the criminal charges [] brought against [him]." (*Id.* at 6).

Plaintiff alleges that he brought an action against the Madera County Superior Court in a related case filed in this court arising from the same termination. (*Id.* at 2-3, 7). He also asserts that criminal charges were brought against him in the Madera County Superior Court. (*Id.* at 6).

As relief in this case, Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, interest, and costs. (*Id.* at 8).

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. Title VII Discrimination

Title VII makes it unlawful for an employer to discriminate against an individual based on his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). To state a claim for discrimination under Title VII, Plaintiff must allege "(1) he is a member of a protected class; (2)

he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1195-96 (9th Cir. 2003) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). "While a plaintiff is not required to plead a prima facie case at the screening stage," courts "may review the allegations in light of the prima facie elements to determine whether a plaintiff either sufficiently pleads an element of the prima facie case or provides enough factual allegations that can lead the court to plausibly infer each element of the prima facie case." *Riley v. Sheet Metal Workers Int'l Ass'n*, Case No. 1:22-cv-00241-JLT-EPG, 2022 WL 1409647, at *2 (E.D. Cal. May 4, 2022) (citation omitted), adopted by 2022 WL 2110501, at *1 (E.D. Cal. June 10, 2022).

Plaintiff does not allege that similarly situated employees outside of his protected class were treated more favorably, nor does he allege facts that give rise to an inference of discrimination based on his non-affiliation with a specific religion. Plaintiff's only factual allegations to support his discrimination claim are his assertion that Kell was "the only person in a position to have observed that [he] no longer identified with the Mormon faith in which he was raised," (ECF No. 1 at 4), and that a senior superintendent employed by Defendant "warned [him] to be cautious of Kell and Defendant's owner, Matt, after Kell had come to realize that Plaintiff was no longer religious," (*id.*). However, he does not explain when Kell made this observation or how it relates to his termination apart from his conclusory allegation that his termination "was in fact motivated by Defendant's discovery that [he] no longer identified with the Mormon faith[.]" (*Id.* at 5). Plaintiff does not allege that Kell made any comments to him regarding his religious non-affiliation or that Kell took any action upon discovering his religious non-affiliation, nor does he allege any specific instances of religious discrimination he experienced while employed by Defendant.

Moreover, Plaintiff does not state who made the decision to terminate his employment or whether that person knew of his religious status. Nor does he allege that the senior superintendent, the fire marshal, Kell, or any employee of Defendant indicated that his

termination was due to the fact that he no longer identified with the Mormon faith. Although Plaintiff briefly mentions "that the stated reference to tardiness for a fire marshal meeting was pretextual," (*id.*), he does not provide any factual allegations regarding the meeting or what was said about the reason for his termination. In sum, Plaintiff's complaint lacks specific facts connecting his religious non-affiliation to his termination.

Moreover, Plaintiff's complaint also claims that he was fired for a reason wholly unconnected with his non-religious affiliation. Specifically, he alleges that he was terminated based on his involvement in a case before a judge in the Madera County Superior Court. Specifically, he asserts that Judge Collet, the judge presiding over a family court matter involving Plaintiff, and Judge Enos, the judge presiding over criminal charges brought against Plaintiff, "are closely associated"; that after Judge Collet "took notice that Plaintiff was working at the courthouse," she "questioned Plaintiff's attorney regarding the nature and duration of Plaintiff's work at the courthouse"; the Madera County Superior Court was "involved in bringing about [] [his] termination"; and the Madera County Superior Court Judicial Council, "on which Judge Collet sits," reviewed security footage "in an effort to identify grounds for his termination." (*Id.* at 4-6). Plaintiff's complaint explains that he has already filed a related case in which he alleges that he was improperly terminated by the Madera County Superior Court because the Madera County Superior Court was "exerting pressure" to terminate his employment. (*Id.* at 2-3, 5). Thus, it appears that Plaintiff already has a pending case that alleges, contrary to his claim in this case, that the Madera County Superior Court was responsible for the termination of his employment with Defendant for reasons unrelated to his lack of affiliation with the Mormon church.

Accordingly, Plaintiff's complaint fails to state a claim for discrimination against Defendant under Title VII.

**b. Title VII Retaliation**

Title VII also makes it unlawful for an employer to discriminate against an employee in retaliation for opposing any practice made an unlawful employment practice under Title VII, or because he has made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII. 42 U.S.C. § 2000e-3(a). To state a claim for retaliation under Title VII, Plaintiff must allege "(1) he engaged in a protected activity; (2) he suffered an adverse

employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

Plaintiff has not alleged what protected activity he engaged in or a causal connection between the protected activity and his termination. Accordingly, Plaintiff's complaint fails to state a claim for retaliation under Title VII.

## IV. CONCLUSION AND ORDER

The Court has screened the complaint and finds that Plaintiff's complaint fails to state any cognizable claims and is subject to dismissal.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Accordingly, Plaintiff is granted leave to file an amended complaint within thirty days. However, any amended complaint must be **no longer than twenty pages**, including exhibits.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa Cnty.*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," and refer to the appropriate case number.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
    a. File a First Amended Complaint; or
    b. Notify the Court in writing that he wants to stand on his Complaint.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-06961-EPG.
3. If Plaintiff chooses to file a first amended complaint, it must be **no longer than twenty pages**, including exhibits.

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **November 2, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE